In the Matter of Charles
H. GRADDICK

No. 45S00–9705–DI–308.

Supreme Court of Indiana.

Nov. 19, 1999.

Frederick T. Work, Gary, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the respondent, Charles H. Graddick, agree that he violated the *Rules of Professional Conduct for*

1. Indiana Professional Conduct Rule 1.2(a) provides, in relevant part, that a lawyer shall abide by a client's decision concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued.

*Attorneys at Law* by failing diligently to represent his clients, failing to return unearned fees to a client after being discharged, and failing to hold funds collected on behalf of a third party in a trust account.

This case is now before us for approval of a *Statement of Circumstances and Conditional Agreement for Discipline* entered into by the parties pursuant to Ind. Admission and Discipline Rule 23, Section II(c). Our jurisdiction here arises from the respondent's admission to this state's bar on April 9, 1974.

Under Count I, the parties agree that a client hired the respondent in August 1989 to represent her in a claim against her employer, a city school system. The respondent filed a notice of claim with school officials in September 1989. In April 1991, the respondent filed suit against the school alleging, on behalf of his client, breach of contract and retaliatory firing. In the spring of 1993, the respondent's office notified the client that the school had scheduled her deposition for May 18, 1993. The respondent did not attend the deposition with the client; instead, an attorney associate of the respondent attended. On March 18, 1994, the client's case was dismissed pursuant to Ind. Trial Rule 41(E). In September 1994, the respondent wrote to the client, advising her that, after reviewing her deposition, he concluded that she had no legal grounds to pursue her claim. The respondent was unaware that the case had been dismissed and therefore did not inform the client that her case had been dismissed.

We find that the respondent violated Ind. Professional Conduct Rule 1.2(a)[1] by failing to abide by his client's decision to prosecute the case; and Prof.Cond.R.1.3[2]

2. Indiana Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

by failing to act with reasonable diligence and promptness in representing the client.

Under Count II, the parties agree that in 1989, a client hired the respondent to represent her in a personal injury claim. In 1994, the client's case settled for $57,500. The respondent did not deposit the settlement check into his trust account. Instead, he negotiated the check, kept $19,166 in attorney fees pursuant to a contingency fee agreement, paid the client a $10,000 advance and retained $28,334 of the settlement proceeds to satisfy the client's outstanding medical expenses in a series of money orders. At that time, the client's medical claims were more that the amount the respondent had retained. However, the respondent was able to negotiate settlements with the client's medical providers such that the aggregate of their claims was less than the amount of the money retained. After payment to the medical providers, the respondent distributed the remaining amount to the client's heirs, since by that time the client had passed away.

Indiana Professional Conduct Rule 1.15(a) provides, in relevant part, that funds of a client or third party held in a lawyer's possession in connection with a representation shall be held in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. The comment to that rule states that client or third party funds in the possession of the lawyer should be held in one or more trust accounts. There is nothing in the record before us indicating that the medical creditors or his client consented to the settlement funds being held by the respondent outside of an account. Accordingly, we find that the respondent violated Prof.Cond.R. 1.15(a) by failing to hold the funds earmarked for payment of medical creditors in such an account.

Under Count III, the parties agree in 1994 a guardianship was opened in LaPorte Superior Court No. 3 for an elderly woman. Due to problems with the original guardian, the LaPorte County Council on Aging's Guardianship Program was appointed as successor guardian. The program was overseen by its director and represented in the matter by counsel of record. The program petitioned the court to sell the ward's personal property, which motion the court granted.

The ward's niece hired the respondent to request a hearing on the sale of the ward's property. At that time, the respondent employed in his office a disbarred lawyer.[3] After the respondent filed his appearance on behalf of his client, the disbarred lawyer called the director of the guardianship program and identified himself as an employee of the respondent's law firm. The disbarred lawyer told the director that if the guardian program continued to pursue selling the ward's personal property it would be in direct violation of the law. At no time during the conversation did the disbarred lawyer disclose to the director that he was no longer licensed as an attorney. After the telephone conversation, the director delayed the sale, although the property was eventually sold. The disbarred lawyer was later found to be in contempt of this Court, *inter alia*, for his telephone call to director. *See Matter of Contempt of DeLoney*, 689 N.E.2d 431 (Ind.1997). The evidence at the contempt hearing indicated that the disbarred lawyer made the telephone call to the director at the instigation of someone other than the respondent. The parties also agree that the respondent had no knowledge of the disbarred lawyer's telephone contact with the director.

The disbarred lawyer, over whom the respondent had directly supervisory authority, called the director of the program to speak to him about the guardianship matter instead of speaking with the attor-

---

**3.** The disbarred lawyer's employment in the respondent's law office predated this Court's 1998 amendment to Admis.Disc.R. 23(26)(b), which now provides that a disbarred lawyer shall not maintain a presence or occupy an office where the practice of law is conducted.

ney of record for the program. Professional Conduct Rule 4.2 provides that, in representing a client, a lawyer shall not communicate about the subject matter of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the or is authorized by law to do so. Professional Conduct Rule 5.3(c) imputes the conduct of a lawyer's nonlawyer employees to the lawyer under certain circumstances, and that is in essence the commission's charge against the respondent.[4] Under Prof.Cond.R. 5.3(c)(2), a nonlawyer employee's acts are imputed to the supervising attorney, but only if the attorney "knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Similarly, under Prof. Cond.R. 5.3(c)(1), the acts are imputed only if the attorney orders the offending conduct or, with knowledge of it, ratifies it. The parties in this case agree that the respondent knew nothing of the disbarred lawyer's telephone call. Further, the tendered agreement provides that the telephone call was made at the instigation of someone other than the respondent. Accordingly, we decline to find that the respondent violated Prof.Cond.R. 5.3(c) under the agreed facts of Count III.[5]

The parties agree that under Count IV, the respondent was hired in 1995 to defend a client against a series of traffic charges filed in Hammond City Court. The client paid the respondent $500 as partial payment towards the balance of the respondent's fee. During the next year, the respondent failed to appear for at least six trial settings. Additionally, the respondent continued the client's case at least three times on short notice, one to three days before trial. In May 1996, the client discharged the respondent and requested that the respondent refund her $500 and return to her case file materials which she was entitled. The respondent did neither.

The respondent's failure to defend diligently his client's case and his subsequent failure to return unearned fees and the client's file after being discharged violated Prof.Cond.R.1.3 and Prof.Cond.R .1.16(d).[6]

The Commission and the respondent agree that the respondent's conduct warrants a public reprimand. Among the factors this Court weighs when considering an appropriate disciplinary sanction are mitigating and aggravating circumstances. *Matter of Christoff, Holmes*, 690 N.E.2d 1135 (Ind.1997). The parties agree on a number of mitigating factors. With respect to Count I, they agree that the respondent was not personally on notice of

---

**4.** Indiana Professional Conduct Rule 5.3(c) provides that with respect to a, nonlawyer employed or retained by or associated with a lawyer, a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (1) the lawyer orders, or with the knowledge of the specific conduct, ratifies the conduct involved or (2) the lawyer is partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

**5.** It may be that the agreed facts constitute a violation of Prof.Cond.R. 5.3(a), which provides that a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that nonlawyer employees' conduct is compatible with the professional obligations

of the lawyer, or Prof.Cond.R. 5.3(b), which provides that a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer. However, since the verified complaint in this case charged only a violation of Prof.Cond.R. 5.3(c), we are precluded from making such a finding.

**6.** Indiana Professional Conduct Rule 1.16(d) provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

the case's dismissal until after he wrote to the client. Under Count II, the respondent and the Commission stipulate that, even though the respondent did not keep the $28,334 in settlement proceeds in a trust account, he did keep it separate from his personal funds. All of the settlement proceeds were distributed to the appropriate recipients. After the events leading to that count, the respondent voluntarily attended a course on trust account management. Finally, during his neglect of the client's traffic matters in Count IV, the respondent had been hospitalized and was recovering from heart problems.

Despite these factors, the respondent's actions warrant sanction. The respondent's action in Count I resulted in his client's case being dismissed. The respondent then proceeded to make a bad situation even worse by providing his client erroneous information as to the status of the case. His other acts under Counts II and IV reveal similar instances of poor case management and negligent treatment of this clients and their concerns. Accordingly, conclude that his conduct deserves public reprimand.

It is, therefore, ordered that Charles H. Graddick, is hereby publicly reprimanded and admonished for his conduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R.23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs are assessed against the respondent.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.