### In the Matter of Charles H. GRADDICK.

### No. 45S00–0103–DI–143.

Supreme Court of Indiana.

June 14, 2002.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Pursuant to Count I of the verified complaint underlying this action, the respondent borrowed $21,000 from an individual. The respondent assigned the proceeds from an anticipated fee award as security for the loan. In spite of the assignment, the respondent collected the fee award but failed to advise the individual or to pay any portion of it to him. Under Counts II and III, the respondent failed to take prompt action after being hired to pursue a sentence reduction and modification of sentence, respectively. In both instances, he failed to respond to client inquiries, and in one he filed the requested pleadings only after being fired.

**Violations:** In Count I, the respondent violated Ind. Professional Conduct Rule 8.4(b), which prohibits a lawyer from engaging in criminal acts that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, by exerting unauthorized control over the assigned fee award proceeds. He violated Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, by failing to advise the individual that he had collected the fee award. In Counts II and III, he violated Prof.Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client; Prof. Cond.R. 1.4(a), which requires a lawyer to keep clients reasonably informed about the status of their legal matters and promptly to respond to their reasonable requests for information; Prof.Cond.R. 1.5(a), which requires a lawyer's fee to be reasonable, and Prof.Cond.R. 1.16(a)(3), which requires a lawyer to withdraw from representation after being terminated by the client.

**Discipline:** Ninety (90) day suspension from the practice of law, effective July 27, 2002, with automatic reinstatement thereafter conditioned upon the respondent reimbursing $17,500 to the individual in Count I as directed in the *Conditional Agreement.*

The Court, having considered the submission of the parties, now APPROVES

and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.