### In the Matter of Charles H. GRADDICK.

### No. 45S00–0103–DI–143.

Supreme Court of Indiana.

July 25, 2002.

*ORDER POSTPONING EFFECTIVE DATE OF SUSPENSION*

On June 14, 2002, this Court suspended the respondent, Charles H. Graddick, from the practice of law for a period of ninety (90) days, beginning July 27, 2002, for attorney misconduct. *Matter of Graddick*, 769 N.E.2d 589 (Ind.2002). The respondent has now moved this Court for postponement of the effective date of his suspension, to at least October 28, 2002, because he has several matters, including jury trials, scheduled on behalf of clients before that date.

And this Court, being duly advised, now finds that the respondent's request and the circumstances of this matter support postponement of the effective date of the respondent's suspension only until September 27, 2002.

IT IS, THEREFORE, ORDERED that the effective date of the respondent's suspension from the practice of law in this state is hereby postponed until September 27, 2002.

The Clerk is directed to provide notice of this order to the respondent or his attorney, to the Disciplinary Commission, to all parties as directed by Admis.Disc.R. 23(3)(d), and to the West Group.

All Justices concur.

■

### In the Matter of James W. PHIPPS.

### No. 67S00–0207–DI–415.

Supreme Court of Indiana.

July 25, 2002.

*ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

Comes now the respondent, James W. Phipps, and tenders to this Court his resignation from the bar of this State, pursuant to Ind. Admission and Discipline Rule 23, Section 17.

And this Court, being duly advised, now finds that the tendered resignation satisfies the requirements of Admis.Disc.R. 23(17), and that, accordingly, it should be accepted.

IT IS, THEREFORE, ORDERED that the resignation from the bar of this state tendered by the respondent, James W. Phipps, is hereby accepted. Accordingly, the Clerk of this Court is directed to strike his name from the Roll of Attorneys. In order to be readmitted, he must comply with the reinstatement provisions contained in Admis.Disc.R. 23(4).

IT IS FURTHER ORDERED that, by virtue of the respondent's resignation from the bar of this state, any attorney disciplinary proceedings pending against him are hereby dismissed as moot.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3)(d).

All Justices concur.