**In the Matter of Charles H. GRADDICK, Respondent.**

**No. 45S00–0511–DI–582.**

Supreme Court of Indiana.

Aug. 31, 2007.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a verified complaint in three counts on November 10, 2005. The hearing officer appointed in this case filed "Findings of Fact and Conclusions of Law" on June 18, 2007. No petition for review was filed. The hearing officer made the following findings of fact:

*Count 1.* In September 2001, Respondent was retained to seek a client's early release from prison, receiving a $2,000 re-

tainer. The client discharged Respondent and sought a refund of the retainer, for which no services had been rendered. Respondent did not refund any part of the retainer, did not provide an accounting, and did not hold the funds in trust.

*Count 2.* Respondent was retained in March 2000 to pursue post-conviction relief for a client. He received a $3,500 fee plus $1,500 to hire a crime scene/firearms expert. Respondent, however, did not hire an expert and did not hold the $1,500 in trust for that purpose. Respondent filed a petition for post-conviction relief, and on July 9, 2002, the day of the hearing, Respondent filed an amended petition that had been written by the client without Respondent's help. Respondent concluded that calling trial counsel would be fruitless, but failed to tell client prior to the hearing. Respondent did not call any expert to testify. After the court denied the client post-conviction relief, the client dismissed Respondent, and replacement counsel filed a motion to correct error asserting Respondent's ineffective assistance, which the court granted. Respondent declined to refund any of the $4,000 he was paid.

*Count 3.* On October 23, 2001, a client hired Respondent to represent him in a pending post-conviction relief action. Respondent was paid $3,000. Respondent did not reply to the client's inquiries or meet with him until just before the hearing on May 9, 2002. The client was the sole witness Respondent called. Respondent filed belated findings and conclusions, which consisted of a one-page document prepared by Respondent, to which was attached a sixty-three-page memorandum that the client had written. The court vacated one of the client's convictions on double jeopardy grounds, but denied the petition in all other respects.

*Other facts.* The hearing officer found the following facts in mitigation: (1) Dur-

ing the times at issue, Respondent was suffering from intensive and sometimes severe heart ailments, and (2) Respondent has a reputation as a skilled attorney. The hearing officer found Respondent's prior discipline to be an aggravating fact. *See In re Graddick,* 769 N.E.2d 589 (Ind. 2002) (90–days suspension); *In re Graddick,* 719 N.E.2d 1245 (Ind.1999) (public reprimand).

**Violations:** "When, as here, neither the Commission nor the respondent challenge the findings of the hearing officer, we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *In re Levy,* 726 N.E.2d 1257, 1258 (Ind.2000). In the current case, the Court agrees with the hearing officer that Respondent violated the following Indiana Professional Conduct Rules:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonable necessary to permit a client to make informed decisions.

1.15(a): Failure to hold property of a client separate from lawyer's own property.

1.16(d): Failure to refund advance payment of fees and expenses that have not been earned or incurred.

2.1: Failure to exercise independent professional judgment and render candid advice.

**Discipline:** The hearing officer recommends that this Court impose a one-year suspension from the practice of law. The Court concludes that the recommended discipline is supportable in the circum-

stances of this case, especially since Respondent does not challenge the recommendation. *See*, e.g., *In re Roberts*, 727 N.E.2d 705 (Ind.2000) (one-year suspension for serial neglect of clients' affairs and failure to communicate with clients).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year, beginning October 12, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). The costs of this proceeding are assessed against Respondent. The hearing officer is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.